*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HELEN FAYE LINGENFELTER,

      Plaintiff-Appellant,

v

FARM BUREAU GENERAL INSURANCE
COMPANY,

      Defendant,

and

BETTY KRIEGER,

      Defendant-Appellee.

UNPUBLISHED
May 23, 2019

No. 343292
Monroe Circuit Court
LC No. 17-139619-NI

Before: MURRAY, C.J., and JANSEN and RIORDAN, JJ.

JANSEN, J. (*dissenting*)

Because I agree with plaintiff that the trial court erred in granting defendant summary disposition because genuine issues of material fact exist regarding whether plaintiff suffered a serious impairment of a body function entitling her to recover no-fault benefits, I respectfully dissent.

As noted in the majority, "the aggravation or triggering of a preexisting condition can constitute a compensable injury." *Fisher v Blankenship*, 286 Mich App 54, 65; 777 NW2d 469 (2009). Therefore, preexisting conditions and a history of treatment for such conditions does not require granting summary disposition and dismissing the lawsuit brought by a plaintiff after a motor vehicle accident. *Id.* Here, there is conflicting record evidence regarding whether the accident caused plaintiff's symptoms or exacerbated her problems, thereby creating a question of fact, and making summary disposition inappropriate. See *Patrick v Turkelson*, 322 Mich App 595, 605-606; 913 NW2d 369 (2018). (where evidence is conflicting, summary disposition is improper).

Plaintiff's primary physician, Dr. Gilreath, signed an Attending Physician's Report in March 2018, indicating that plaintiff's symptoms and diagnosis were a result of the accident. At the same time, he signed a disability certificate dating back to the date of the accident, disabling plaintiff from housework. Plaintiff testified that she hurt her knees in the accident, and had trouble walking thereafter, even on the knee that she had replaced before the accident. Plaintiff complained of headaches before the accident, but she testified that she experienced pain in her head every day after the accident. Although there was little record evidence of a physical basis for her complaints, there was conflicting evidence that the accident specifically exacerbated her preexisting chronic problems. Dr. Gilreath indicated that it did, and several of the independent medical examiners could not exclude the possibility that the accident exacerbated plaintiff's problems. Therefore, the trial court erred in determining that plaintiff had no objectively manifested impairment of a body function.

Additionally, the evidence establishes at least a question of fact regarding whether any alleged impairment affected plaintiff's general ability to lead her normal life any differently than how she lived before the accident. Plaintiff did suffer from chronic conditions, and led a sedentary lifestyle before the accident. However, the record evidence establishes that questions of fact exist regarding whether this significantly changed after the accident. Plaintiff testified that she was able to do many tasks before the accident, but her medical history contradicts this testimony. Her preexisting conditions hindered her mobility. However, plaintiff also testified regarding the many tasks that she could no longer do after the accident, which Williams helps her complete. The outpatient rehabilitation report indicated many tasks that plaintiff had trouble doing, or could no longer do. In comparing plaintiff's life before and after the accident, there is at least a question of fact whether any of plaintiff's impairments influenced her normal manner of living. *McCormick v Carrier*, 487 Mich 180, 202; 795 NW2d 517 (2010)

Therefore, plaintiff has established the existence of genuine issues of material fact regarding whether an objectively manifested impairment of an important body function affected her ability to live her normal life, and the trial court improperly granted defendant's amended motion for summary disposition. I would reverse the trial court order granting defendant summary disposition, and remand for further proceedings.

/s/ Kathleen Jansen